UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>ALFONSO RAMIREZ-MEDINA,<br><br>　　　　　　　Defendants. | Criminal Case No. 08MJ1842-NLS<br><br>**FINDINGS OF FACT AND ORDER OF DETENTION** |

In accordance with § 3142(f) of the Bail Reform Act of 1984 (18 U.S.C. § 3141 *et seq*.), this Court conducted a detention hearing on June 19, 2008, to determine whether Alfonso Ramirez-Medina ("Defendant") should be held in custody pending trial, on the grounds that he is a flight risk. Assistant U.S. Attorney Harold W. Chun appeared on behalf of the United States. Attorney Gregory T. Murphy appeared on behalf of Defendant.

Based on the evidence proffered by the United States and by Defendant, the Pretrial Services Report, and the Complaint, the Court concludes that the following facts establish by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant.

//

//

**I.**

**FINDINGS OF FACT**

    **A.**    **Nature and Circumstances of the Offenses Charged (18 U.S.C.§ 3142(g)(1))**

    1.    Defendant is charged in Criminal Complaint No. 08MJ1842-NLS with the importation of approximately 2,506.27 kilograms (5,513.79 lbs) of marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 952 and 960.

    2.    If convicted of this charge, Defendant faces a maximum sentence of life in prison pursuant to 21 U.S.C. § 960(b)(1)(G).

    3.    Because a maximum term of imprisonment of ten years or more for this offense is prescribed in 21 U.S.C. § 960(b)(1)(G), a presumption arises as set forth in 18 U.S.C. § 3142(e) that no condition or combination of conditions will reasonably assure the appearance of Defendant.

    **B.**    **Weight of the Evidence Against Defendant (18 U.S.C.§ 3142(g)(2))**

    1.    On June 12, 2008, Defendant entered the United States from Mexico through the Otay Mesa, California Commercial Port of Entry as the driver and sole occupant of a 1997 Freightliner semi-tractor.

    2.    At the Port of Entry, Defendant presented a Laser B-1/B-2 Visa Border Crosser Card and Mexican Driver's License to a U.S. Customs and Border Protection Officer. The Officer noticed Defendant was not making eye contact, and that he had a glazed and worried expression on his face. The Officer referred Defendant and his vehicle for further inspection.

    3.    In secondary inspection, a narcotic detection dog gave a positive alert to the presence of narcotics in Defendant's vehicle. During inspection of the vehicle, officers discovered eight hundred and five (805) packages wrapped in black trash bags. These packages were secreted within boxes of produce. An inspection of a randomly selected package revealed a green leafy substance that field tested positive for the properties of marijuana. The packages, in total, weighed 2,506.27 kilograms (5,513.79 lbs).

    **C.**    **History and Characteristics of Defendant (18 U.S.C.§ 3142(g)(3))**

1. Defendant is a citizen of Mexico.
2. Defendant lives in Mexico.
3. Defendant works as a truck driver in Mexico.
4. Defendant does not have any identifiable financial resources that would anchor him to this community.
5. Defendant's parents, three brothers, and daughter reside in Mexico.
6. Defendant has no criminal history.

## II.

## REASONS FOR DETENTION

A. There is probable cause to believe that Defendant committed the offense charged in Criminal Complaint No. 08MJ1842-NLS, importation of approximately 2,506.27 kilograms (5,513.79 lbs) of marijuana, a Schedule I Controlled Substance, in violation of 21 U.S.C. §§ 952 and 960.

B. Defendant may be motivated to flee to Mexico based on the maximum term of imprisonment for this offense.

C. Defendant's ties to Mexico, particularly to his family, outweigh his ties to the United States, in general, or to the Southern District of California, such that his ties to the San Diego area would not anchor him to this community.

D. Defendant has not rebutted the presumption favoring detention.

E. The Court finds, by a preponderance of evidence, that the Government has carried the burden of establishing that no condition or combination of conditions will reasonably assure the appearance of Defendant as required.

## III.

## ORDER

IT IS HEREBY ORDERED that Defendant be detained pending trial in this matter.

IT IS FURTHER ORDERED that Defendant be committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

While in custody, upon order of a court of the United States or upon the request of an attorney for the United States, the person in charge of the correctional facility shall deliver Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding or any other appearance stipulated to by defense and government counsel.

THIS ORDER IS ENTERED WITHOUT PREJUDICE.

IT IS SO ORDERED.

DATED: June 23, 2008

*/s/ Nita L. Stormes*
Hon. Nita L. Stormes
U.S. Magistrate Judge